■    In the Matter of the Arbitration between MOON CAB CORP., Respondent, and ELLEN DE HART, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant.—Judgment, denominated an order, entered March 30, 1976, in the Supreme Court, New York County, which granted petitioner's motion for a permanent stay of arbitration and which directed respondent-appellant, Allstate Insurance Company (Allstate), to defend John Prioleau in a pending plenary action, unanimously reversed, on the law, and vacated, the motion denied, and the petition seeking a stay dismissed, without costs and without disbursements. The parties are directed to proceed to arbitration. On February 12, 1973, a motor vehicle owned and operated by John Prioleau was involved in a collision in Manhattan with a taxicab owned by petitioner Moon Cab Corp. and operated by one Jais Cohen. Ellen De Hart, the allegedly injured party, was a passenger in the taxicab. Prioleau was a New Jersey resident and his vehicle was registered in that State. In an action commenced by De Hart to recover damages for personal injuries, MVAIC first appeared for Prioleau, but later withdrew, by permission, since De Hart was insured under Moon Cab's bond filed pursuant to article 17-A of the Insurance Law. When De Hart demanded arbitration with Moon Cab, it sought and obtained a stay, first claiming, *inter alia,* that there was no showing that Prioleau was uninsured, and later asserting that Allstate insured Prioleau at the time of the accident. Allstate was added as a party and subsequently a trial was held on the framed issue of whether Prioleau had insurance coverage by Allstate on the date of the accident. The trial court in its decision and judgment resolved the issue against Allstate. The single issue presented is whether the credible evidence established coverage by Allstate so as to support the determination and judgment entered thereon. In our opinion it does not. Prioleau's automobile insurance application, dated March 29, 1973, which was filled out by Allstate's agent and signed by Prioleau, indicates that Prioleau did not then have an Allstate policy. In answer to a question as to his most recent automobile liability insurance and the name of the company with which such insurance was carried, the printed response is "None Paid $50 To State." There was also testimony that an application is required by Allstate for every new or lapsed policy issued, but that no new application is required to be filled in when a policy is being renewed. The policy itself bears, as its date of issuance, April 5, 1973, effective March 31, 1973. There was also testimony that prior to December 1, 1972, New Jersey did not require mandatory liability insurance, and that, instead of obtaining automobile liability insurance, motorists could pay $50 to the State under the Uninsured Motorist

Fund. It is further noted that the police accident report contains an entry indicating insurance coverage for Prioleau's car as being "State". While Prioleau apparently could not be located by Allstate or De Hart, and consequently was not available to testify at the hearing, his absence does not warrant an adverse inference as to Allstate since it does not appear that he was under Allstate's control, was partial to Allstate or, indeed, carried coverage with Allstate at the time of the hearing. Concur—Stevens, P. J., Murphy, Lupiano, Silverman and Lane, JJ.